**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
KASAINE PERTET,

                      **Plaintiff,**

        **-against-**

THE CITY OF NEW YORK, et al.,

                      **Defendant.**
-----------------------------------------------------------x

                                  **MEMORANDUM**
                                  **AND ORDER**

                                  **10-CV-2870 (NGG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

    The Court is in receipt of plaintiff's letter to the Court dated September 21, 2011 ("Pl.

Letter"), ECF Docket Entry ("DE") #29.

    Plaintiff's request to extend fact discovery until November 22, 2011 is granted, on

consent.[1]  This is the final extension.

    Plaintiff also requests a date certain for the service addresses for two former police

officers and a date certain for the production of outstanding discovery that defendants have

agreed to produce.  See Pl. Letter at 3 (listing agreed-upon discovery).  In addition, plaintiff

seeks an order compelling defendants to produce disciplinary records relating to events that

occurred more than 10 years prior to the incident at issue in this case (which occurred on April

18, 2008).

    This Court rejects plaintiff's request for disciplinary records relating to incidents that

predate April 18, 1998.  While several other judges have declined to set any temporal limits to

---

[1]  Although docketed as "First Motion for Extension of Time to Complete Discovery,"
Plaintiff's Letter represents the third application to extend discovery in this case; the two prior
requests, though filed by defense counsel, were made on behalf of all parties, and both
requests were granted.

such requests, see Pl. Letter at 2 (collecting cases), this Court concludes that absent special circumstances (which plaintiff has not articulated), alleged misconduct that occurred more than thirteen years ago is too remote in time to be discoverable.  See, e.g., Haya v. City of New York, No. 93 Civ. 7754(PKL), 1995 WL 324724, at *1 (S.D.N.Y. May 24, 1995); cf. Fed. R. Civ. P. 609(b) (evidence of a conviction from more than ten years earlier is presumptively inadmissible).[2]

Defendants shall, by September 29 3, 2011, produce the agreed-upon outstanding discovery, the disciplinary records relating to incidents occurring on or after April 18, 1998, and the service addresses of the two retired police offers.  If the parties desire an adjournment of the October 4th settlement conference, they shall file a request therefor by September 27, 2011.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**September 22, 2011**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  In the event more recent disciplinary records reveal a pattern of complaints extending back in time, plaintiff may then renew his request for older records.